# EXHIBIT 1

ADRMOP,RELATE

# U.S. District Court
# California Northern District (San Jose)
# CIVIL DOCKET FOR CASE #: 5:16-cv-05456-LHK

Schwartz v. Yahoo! Inc.                        Date Filed: 09/23/2016
Assigned to: Hon. Lucy H. Koh                  Jury Demand: Plaintiff
Referred to: Magistrate Judge Nathanael M.     Nature of Suit: 360 P.I.: Other
Cousins                                        Jurisdiction: Diversity
Relate Case Cases:  5:16-cv-05540-LHK
                    5:16-cv-05463-LHK
                    5:16-cv-05466-LHK
Cause: 28:1332 Diversity-Personal Injury

## Plaintiff

**Ronald Schwartz**              represented by   **Corban S Rhodes**
*Individually and on Behlaf of All*              Labaton Sucharow LLP
*Others Similarly Situated*                      140 Broadway
                                                 New York, NY 10005
                                                 (212) 907-0761
                                                 Email: crhodes@labaton.com
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Joel H. Berstein**
                                                 Labaton Sucharow LLP
                                                 140 Broadway, 34th Floor
                                                 New York, NY 10005
                                                 212-907-0700
                                                 Fax: 212-818-0477
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Joseph Henry Bates , III**
                                                 Carney Bates & Pulliam, PLLC
                                                 519 West 7th Street
                                                 Little Rock, AR 72201
                                                 501-312-8500
                                                 Fax: 501-312-8505
                                                 Email: hbates@cbplaw.com

*ATTORNEY TO BE NOTICED*

**Paul J. Gellar**
Robbins Geller Rudman & Dowd
LLP
120 East Palmetto Park Rd., Ste.
500
Boca Raton, FL 33432
561-750-3000
Fax: 561-750-3364
*ATTORNEY TO BE NOTICED*

**Ross M Kamhi**
Labaton Sucharow Llp
140 Broadway
New York, NY 10005
(212) 907-0892
Fax: 212-818-0477
Email: rkamhi@labaton.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stuart A. Davidson**
Robbins Geller Rudman & Dowd
LLP (Boca Raton Office)
120 E Palmetto Park Road
Suite 500
Boca Raton, FL 33432
(561) 750-3000
Fax: (561) 750-3364
Email: sdavidson@rgrdlaw.com
*ATTORNEY TO BE NOTICED*

**Stuart Andrew Davidson**
Robbins Geller Rudman & Dowd
LLP
120 East Palmetto Park Road,
Suite 500
Boca Raton, FL 33432
561-750-3000
Fax: 561-750-3364
Email: sdavidson@rgrdlaw.com

*ATTORNEY TO BE NOTICED*

**Shawn A. Williams**
Robbins Geller Rudman & Dowd
LLP
Post Montgomery Center
One Montgomery Street, Suite
1800
San Francisco, CA 94104
415-288-4545
Fax: 415-288-4534
Email: shawnw@rgrdlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edward McMahon**                represented by  **Joseph Henry Bates , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Francis Ram**
Ram, Olson, Cereghino &
Kopczynski LLP
101 Montgomery Street, Suite
1800
San Francisco, CA 94104
415-433-4949
Fax: 415-433-7311
Email: mram@rocklawcal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Yahoo! Inc.**                represented by  **Ann Marie Mortimer**
Hunton & Williams
550 South Hope St, Suite 2000
Los Angeles, CA 90071
213-532-2103
Fax: 213-532-2020
Email: amortimer@hunton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2016 | 1 | COMPLAINT against Yahoo! Inc. ( Filing fee $ 400, receipt number 0971-10795535.). Filed byRonald Schwartz. (Attachments: # 1 Civil Cover Sheet)(Williams, Shawn) (Filed on 9/23/2016) (Entered: 09/23/2016) |
| 09/23/2016 | 2 | Proposed Summons. (Williams, Shawn) (Filed on 9/23/2016) (Entered: 09/23/2016) |
| 09/23/2016 | 3 | Certificate of Interested Entities by Ronald Schwartz (Williams, Shawn) (Filed on 9/23/2016) (Entered: 09/23/2016) |
| 09/23/2016 | 4 | Case assigned to Magistrate Judge Nathanael M. Cousins. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 10/7/2016. (sv, COURT STAFF) (Filed on 9/23/2016) (Entered: 09/23/2016) |
| 09/26/2016 | 5 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 12/28/2016. Case Management Conference set for 1/4/2017 10:00 AM at the US District Court, 280 S. First St., San Jose, CA 95113 in Courtroom 7, 4th Floor. Signed by Judge Nathanael Cousins on 9/23/16. (srnS, COURT STAFF) (Filed on 9/26/2016) (Entered: 09/26/2016)** |
| 09/26/2016 | 6 | Summons Issued as to Yahoo! Inc. (srnS, COURT STAFF) (Filed on 9/26/2016) (Entered: 09/26/2016) |
| 09/26/2016 | 7 | MOTION to Relate Case *ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [CIV. L.R.* |

| | | |
|---|---|---|
| | | *3-12(a) and L.R. 7-11]* filed by Edward McMahon. (Ram, Michael) (Filed on 9/26/2016) (Entered: 09/26/2016) |
| 09/26/2016 | 8 | CLERK'S NOTICE REGARDING Consent or Declination: Plaintiffs shall file a consent or declination to proceed before a magistrate judge by 10/11/2016. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms. (lmh, COURT STAFF) (Filed on 9/26/2016) (Entered: 09/26/2016) |
| 09/27/2016 | 9 | NOTICE of Appearance by Joseph Henry Bates, III (Bates, Joseph) (Filed on 9/27/2016) (Entered: 09/27/2016) |
| 09/27/2016 | 10 | RESPONSE (re 7 MOTION to Relate Case *ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [CIV. L.R. 3-12(a) and L.R. 7-11]* ) filed byEdward McMahon, Ronald Schwartz. (Bates, Joseph) (Filed on 9/27/2016) (Entered: 09/27/2016) |
| 09/29/2016 | 11 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Ronald Schwartz.. (Williams, Shawn) (Filed on 9/29/2016) (Entered: 09/29/2016) |
| 09/29/2016 | 12 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because a party has not consented to the jurisdiction of a Magistrate Judge. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (lmh, COURT STAFF) (Filed on 9/29/2016) (Entered: 09/29/2016) |
| 09/29/2016 | 13 | **ORDER REASSIGNING CASE. Case reassigned to Hon. Lucy H. Koh for all further proceedings. This case is assigned to a judge who participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and http://cand.uscourts.gov/cameras. Magistrate Judge Nathanael** |

| | | |
|---|---|---|
| | | **M. Cousins remains as referral judge assigned to the case. Reassignment Order signed by Executive Committee on 9/20/2016. (Attachments: # 1 Notice of Eligibility for Video Recording) (bwS, COURT STAFF) (Filed on 9/29/2016) (Entered: 09/29/2016)** |
| 09/29/2016 | 14 | MOTION to Relate Case filed by Ronald Schwartz. (Williams, Shawn) (Filed on 9/29/2016) (Entered: 09/29/2016) |
| 10/04/2016 | 15 | MOTION for leave to appear in Pro Hac Vice *Stuart A. Davidson* ( Filing fee $ 305, receipt number 0971-10823815.) filed by Ronald Schwartz. (Attachments: # 1 Exhibit Certificate of Good Standing) (Davidson, Stuart) (Filed on 10/4/2016) (Entered: 10/04/2016) |
| 10/07/2016 | 16 | STIPULATION re 1 Complaint *To Extend Time to Respond to Complaint* filed by Yahoo! Inc.. (Mortimer, Ann Marie) (Filed on 10/7/2016) (Entered: 10/07/2016) |
| 10/07/2016 | 17 | **ORDER by Judge Lucy H. Koh Granting 14 Motion to Relate Case and Finding as Moot 7 Motion to Relate Case. (lhklc1, COURT STAFF) (Filed on 10/7/2016) (Entered: 10/07/2016)** |
| 10/07/2016 | 18 | MOTION to Relate Case *Nos. 5:16-cv-05609-NC, 5:16-cv-05456-LHK, 5:16-cv-05540-NC, 4:16-cv-05463-DMR, and 5:16-cv-05466-LHK [CIV. L.R. 3-12(A) and L.R. 7-11]* filed by Ronald Schwartz. (Williams, Shawn) (Filed on 10/7/2016) (Entered: 10/07/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/12/2016 15:42:55 | | | |
| **PACER Login:** | hunton550:3122482:0 | **Client Code:** | 68843.001006-14821 |
| **Description:** | Docket Report | **Search Criteria:** | 5:16-cv-05456-LHK |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

1 | ROBBINS GELLER RUDMAN
& DOWD LLP
2 | SHAWN A. WILLIAMS (213113)
Post Montgomery Center
3 | One Montgomery Street, Suite 1800
San Francisco, CA 94104
4 | Telephone: 415/288-4545
415/288-4534 (fax)
5 | shawnw@rgrdlaw.com          LABATON SUCHAROW LLP
– and –                  JOEL H. BERNSTEIN
6 | PAUL J. GELLER             CORBAN S. RHODES
STUART A. DAVIDSON           ROSS M. KAMHI
7 | 120 East Palmetto Park Road   140 Broadway, 34th Floor
Suite 500                    New York, NY 10005
8 | Boca Raton, FL 33432       Telephone: 212/907-0700
Telephone: 561/750-3000      212/818-0477 (fax)
9 | 561/750-3364 (fax)         jbernstein@labaton.com
pgeller@rgrdlaw.com          crhodes@labaton.com
10 | sdavidson@rgrdlaw.com      rkamhi@labaton.com

11 | *Attorneys for Plaintiff Ronald Schwartz*

12 | UNITED STATES DISTRICT COURT

13 | NORTHERN DISTRICT OF CALIFORNIA

14 | SAN JOSE DIVISION

15 | RONALD SCHWARTZ, Individually and on ) Case No.
Behalf of All Others Similarly Situated, )
16 |                                      ) CLASS ACTION
Plaintiff,          )
17 |                                      ) COMPLAINT FOR GROSS NEGLIGENCE,
vs.                 ) BAILMENT AND DECLARATORY
18 |                                      ) RELIEF
YAHOO! INC.,                           )
19 |                                      )
Defendant.          )
20 | _____ ) DEMAND FOR JURY TRIAL

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1    Plaintiff Ronald Schwartz ("Plaintiff"), individually and on behalf of all others similarly

2  situated, by his undersigned attorneys, brings this class action complaint against defendant Yahoo!

3  Inc. ("Yahoo," the "Company," or "Defendant") based on personal knowledge as to himself and

4  upon information and belief as to all other matters based on the investigation of counsel.

5                                       **NATURE OF THE ACTION**

6    1.    Defendant Yahoo is a leading Internet company that provides Internet-based services

7  to hundreds of millions of users on a regular and consistent basis. As part of its business, Yahoo

8  collects and stores large volumes of sensitive personal information about its users, including the

9  users' names, email addresses, telephone numbers, birth dates, passwords, and security questions

10  linked to a users' account. Yahoo requires all of this information in order to create an account.

11    2.    Despite the fact that it requires, collects and stores sensitive personal information for

12  hundreds of millions of users, the Company has failed to adequately protect its users or itself from

13  data breaches. Indeed, Yahoo's security systems have been breached in the past, and the Company

14  has demonstrated that it cannot adequately secure the personal information of its users.

15    3.    Despite Yahoo's promises to "take[] your privacy seriously," to "limit access to

16  personal information about you to employees who we believe reasonably need to come into contact

17  with that information to provide products or services to you or in order to do their jobs," and to

18  "have physical, electronic, and procedural safeguards that comply with federal regulations to protect

19  personal information about you," Yahoo failed to live up to those promises when it failed to

20  adequately protect is users' personal information.

21    4.    Specifically, on September 22, 2016, Yahoo issued a press release in which it

22  announced that a "recent investigation" confirmed that sensitive personal account information

23  associated with at least *500 million user accounts* "was stolen from the company's network in late

24  2014 by what it believes is a state-sponsored actor." The stolen information included users' names,

25  email addresses, telephone numbers, dates of birth, hashed passwords and, in some cases, encrypted

26  or unencrypted security questions and answers. Reports indicate that *this data breach was the*

27  *largest from a single site in history*.

28

COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT AND DECLARATORY RELIEF     - 1 -

5.     As a result of Defendants' failure to establish and implement basic data security protocols, contrary to Yahoo's guarantees, its users' personal information is now in the hands of criminals and/or enemies of the Unites States, subjecting Plaintiff and the Class (as defined below) to the serious risk of identity theft in a wide variety of forms.

6.     Worse yet, despite the fact that the attack took place in late 2014, Yahoo was so grossly negligent in securing its users' personal information that it says that it did not even discover the incident until the summer of 2016. In other words, Defendant's misconduct was so bad that it evidently allowed unauthorized and malicious access to Plaintiff's and the Class's personal information on Defendant's computer systems to continue unimpeded for *nearly two years*.

7.     Circumstantial evidence suggests that certain Yahoo insiders *did* know of the breach long before it was disclosed, but hid it from the public until after a $4.8 billion sale of the Company to Verizon was announced in July 2016. Verizon has stated that it did not learn of the breach until September 20, 2016, and commentators have noted that "Verizon might want to lower the price it is paying because it wasn't notified of the hack sooner and doesn't yet know the full liability Yahoo and Verizon would face from victims of the hack."

8.     Plaintiff and Class members must now take matters into their own hands to protect themselves from fraud. Indeed, although the Company has stated that the "ongoing investigation" suggests that the stolen information did not include payment card data or bank account information,[1] Yahoo has nevertheless encouraged its users to consider placing a "security freeze" (also known as a "credit freeze") on their credit file. A security freeze is designed to prevent potential creditors from accessing an individual's credit file at the consumer reporting agencies without the individual's consent, and, according to Yahoo's notice to its users, costs roughly between $5 and $20 per freeze. Yahoo has offered no financial assistance to its users.

9.     Plaintiff brings this class action lawsuit against Yahoo for failing to adequately safeguard his and others' personal information. Plaintiff seeks judgment requiring Yahoo to remedy the harm caused by its misconduct, which includes compensating Plaintiff and Class members for

---

[1]     Plaintiff does not state this as a definitive fact.

1 | resulting account fraud and for all reasonably necessary measures Plaintiff and Class members have

2 | had to take in order to identify and safeguard the accounts put at risk by Yahoo's grossly negligent

3 | security. Plaintiff further seeks a declaratory judgment declaring unenforceable the limitation of

4 | liability clause in Yahoo's Terms of Service.

5 | **INTRADISTRICT ASSIGNMENT**

6 |      10.     A substantial part of the events or conduct that give rise to the claims in this action

7 | occurred in the county of Santa Clara, and as such this action is properly assigned to the San Jose

8 | Division of this Court.

9 | **PARTIES**

10 |      11.     Plaintiff Ronald Schwartz is a natural person and a resident and citizen of New York.

11 | Mr. Schwartz is one of the approximately 500 million Yahoo users whose personal information was

12 | stolen because Yahoo did not take reasonable steps to secure such information.

13 |      12.     Defendant Yahoo is a Delaware corporation headquartered at 701 First Avenue,

14 | Sunnyvale, California 94089. Yahoo does business throughout the State of California and the United

15 | States. Yahoo maintains a substantial portion of its computer systems in California.

16 | **JURISDICTION AND VENUE**

17 |      13.     Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28

18 | U.S.C. §1332(d) ("CAFA"), because (i) the proposed Class consists of well over 100 members; (ii)

19 | the parties are minimally diverse, as members of the proposed Class are citizens of a state different

20 | from Defendant's home state; and (iii) the aggregate amount in controversy exceeds $5,000,000,

21 | exclusive of interests and costs.

22 |      14.     This Court has personal jurisdiction over Plaintiff because Plaintiff submits to the

23 | Court's jurisdiction. This Court has personal jurisdiction over Yahoo because it maintains its

24 | principal headquarters in California, regularly conducts business in California, and has sufficient

25 | minimum contacts in California. In addition, Plaintiff's claims arise out of Defendant's conducting

26 | and transacting business in California, and many of the actions giving rise to the Complaint took

27 | place in this District.

28 |

1     15.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because Yahoo is a

2   resident of this District and is subject to this Court's personal jurisdiction. Yahoo is registered to

3   conduct business throughout California, regularly conducts business in this District, and maintains

4   an office in this District. In addition, the causes of action arose, in substantial part, in this District.

5                                    **FACTUAL ALLEGATIONS**

6   **Company Background**

7     16.     Yahoo is a Delaware corporation that operates a host of Internet websites and

8   services, including web portal, search engine and e-mail service, among others.

9     17.     Yahoo's security systems have been breached before. In July 2012, a group of

10  hackers based in Eastern Europe breached Yahoo's security measures and extracted e-mail addresses

11  and passwords that were stored unencrypted within a Yahoo database. The hackers then posted these

12  login credentials online, in an effort to expose Yahoo's lax security measures.

13    18.     Yahoo guarantees its users that it will take certain specific steps to protect the

14  personal, private information Yahoo requires an individual provide the Company in order to create

15  an account. Specifically, Yahoo promises on its website and in its Privacy Policy:

16    •     to "take[] your privacy seriously;"

17    •     to "limit access to personal information about you to employees who we believe
18          reasonably need to come into contact with that information to provide products or
            services to you or in order to do their jobs;" and

19    •     to "have physical, electronic, and procedural safeguards that comply with federal
20          regulations to protect personal information about you."

21  **The Security Breach**

22    19.     According to Yahoo, it first learned of a potentially massive data breach at some point

23  during the summer of 2016, when hackers posted to underground online forums certain data that

24  they claimed was obtained from Yahoo. It was not clear whether the data came from Yahoo itself (as

25  opposed to a third-party service), and so Yahoo launched an investigation, but was unable to confirm

26  whether the stolen data had originated from a breach at Yahoo.

27    20.     Although the Company says that it did not find evidence that the stolen data came

28  from its own systems, it did find evidence of a far more serious breach: according to Yahoo, in 2014,

COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT AND DECLARATORY RELIEF          - 4 -

1  a state-sponsored actor stole account information associated with approximately 500 million Yahoo

2  users.

3       21.    On September 22, 2016, Yahoo issued a press release announcing that its internal

4  investigation had confirmed that account information associated with ***at least 500 million user***

5  ***accounts*** had been stolen. The press release stated, in part, as follows:

6      A recent investigation by Yahoo! Inc. (NASDAQ:YHOO) has confirmed that a copy
    of certain user account information was stolen from the company's network in late

7      2014 by what it believes is a state-sponsored actor. The account information may
    have included names, email addresses, telephone numbers, dates of birth, hashed

8      passwords (the vast majority with bcrypt) and, in some cases, encrypted or
    unencrypted security questions and answers. The ongoing investigation suggests that

9      stolen information did not include unprotected passwords, payment card data, or
    bank account information; payment card data and bank account information are not

10      stored in the system that the investigation has found to be affected. Based on the
    ongoing investigation, Yahoo believes that information associated with at least 500

11      million user accounts was stolen and the investigation has found no evidence that the
    state-sponsored actor is currently in Yahoo's network. Yahoo is working closely with

12      law enforcement on this matter.

13      Yahoo is notifying potentially affected users and has taken steps to secure
    their accounts. These steps include invalidating unencrypted security questions and

14      answers so that they cannot be used to access an account and asking potentially
    affected users to change their passwords. Yahoo is also recommending that users

15      who haven't changed their passwords since 2014 do so.

16      Yahoo encourages users to review their online accounts for suspicious
    activity and to change their password and security questions and answers for any

17      other accounts on which they use the same or similar information used for their
    Yahoo account. The company further recommends that users avoid clicking on links

18      or downloading attachments from suspicious emails and that they be cautious of
    unsolicited communications that ask for personal information. Additionally, Yahoo

19      asks users to consider using Yahoo Account Key, a simple authentication tool that
    eliminates the need to use a password altogether.

20

21      Online intrusions and thefts by state-sponsored actors have become
    increasingly common across the technology industry. Yahoo and other companies
    have launched programs to detect and notify users when a company strongly suspects

22      that a state-sponsored actor has targeted an account. Since the inception of Yahoo's
    program in December 2015, independent of the recent investigation, approximately

23      10,000 users have received such a notice.

24       22.    Numerous articles discussing the data breach immediately followed.  Indeed, *The*

25  *New York Times* published an article that same day, titled "Yahoo Says Hackers Stole Data on 500

26  Million Users in 2014," which quoted security experts who explained that the Yahoo data breach

27  could have major consequences:

28

"The stolen Yahoo data is critical because it not only leads to a single system but to users' connections to their banks, social media profiles, other financial services and users' friends and family," said Alex Holden, the founder of Hold Security, which has been tracking the flow of stolen Yahoo credentials on the underground web. "This is one of the biggest breaches of people's privacy and very far-reaching."[2]

23.    Other reports indicate that this was the largest data breach from a single site in history.

24.    The consequences of the Yahoo data breach will be significant, and the breach demonstrates that the Company has, by acting with reckless disregard for the security of its users' personal information that it promised to protect, utterly failed to implement reasonable security measures to protect its users' sensitive personal information, despite the Company being the target of data breaches in the past. As a result of Defendant's reckless conduct and failure to establish and implement basic data security protocols, despite its knowledge and the warnings of prior data breaches, its users' personal information is now in the hands of criminals, subjecting Plaintiff and the Class to the serious risk of identity theft in a wide variety of forms.

25.    What is worse, despite the fact that the attack took place in late 2014, Yahoo was so reckless in securing its users' personal information that it says that it did not even discover the incident until the summer of 2016 – *nearly two years after the attack*.  This is an unusually long time to identify a hacking incident. Indeed, according to the Ponemon Institute, which tracks data breaches, the average time it takes organizations to identify a data breach is 191 days, and the average time to contain a breach is 58 days after discovery.[3]

**Yahoo's Recommended Security Steps**

26.    In Yahoo's September 22, 2016 press release announcing the attack, the Company provided a link to a Yahoo Account Security Notice.

27.    Also available after following the link provided in the press release was a page detailing Account Security Issues Frequently Asked Questions ("FAQs"). The FAQs provided

---

[2]    Nicole Perlroth, *Yahoo Says Hackers Stole Date on 500 Million Users in 2014*, N.Y. Times (Sept. 22, 2016).

[3]    *Id.*

1  additional background on the data breach and offered suggestions on how Yahoo users could secure

2  their account.

3        28.    One recommendation was that users place a "security freeze" (also known as a "credit

4  freeze") on their credit files. A security freeze is designed to prevent potential creditors from

5  accessing an individual's credit file at the consumer reporting agencies without the individual's

6  consent, and costs roughly between $5 and $20 per freeze. The Company provided instructions on

7  how to implement a security freeze and provided additional details on what the security-freeze

8  process entails, but offered no financial assistance.

9        29.    Plaintiff has placed a security freeze on his credit file. Plaintiff, and other Class

10  members who do the same, should be compensated by Yahoo for the cost of the security freeze in

11  light of Yahoo's failure to adequately secure its users' personal information.

12  <center>**PLAINTIFF'S EXPERIENCE**</center>

13        30.    Plaintiff has been a Yahoo user continually since approximately 2008 and has been

14  damaged as a result of the data breach that Yahoo announced on September 22, 2016.

15        31.    Concerned about the theft of his personal information, Plaintiff has placed a security

16  freeze on his credit file, as recommended by Yahoo.

17  <center>**CLASS ACTION ALLEGATIONS**</center>

18        32.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23")

19  on behalf of himself and a class of other similarly situated individuals (the "Class"), as defined

20  specifically below:

21          **All persons within the United States whose personal information was accessed**

        **following the data breach that Yahoo announced in a press release on**

22          **September 22, 2016.**

23        33.    Excluded from the Class is Defendant; any person who is an officer, director, partner

24  or controlling person of Defendant, including any of its subsidiaries or affiliates; any entity in which

25  Defendant has a controlling interest; and the legal representatives, heirs, successors and assigns of

26  any such excluded person or entity.

27        34.    Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites

28  for suing as a representative party pursuant to Rule 23.

35. **Numerosity**. Yahoo has stated publicly that approximately 500 million of its users were affected by this data breach, and according to public records there were more than 80 million Yahoo users in the United States alone during 2014 when the breach occurred. Joinder is therefore impracticable and the numerosity requirement of Rule 23 is easily satisfied here.

36. **Commonality**. Plaintiff's and Class members' claims raise predominately common factual and legal questions that can be answered for all Class members through a single class-wide proceeding. For example, to resolve any Class member's claims, it will be necessary to answer the following questions, and the answer to each of these questions will necessarily be the same for each Class member.

(a)     whether Defendant owed a duty of care to Plaintiff and the Class with respect to the security of their personal information;

(b)     whether Defendant acted with reckless disregard for the safety and security of the personal information it promised to protect by failing to establish appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of records and to protect against known and anticipated threats or hazards to the security and integrity of these records;

(c)     whether the Defendant's conduct was reckless or intentional;

(d)     whether Defendant acted appropriately in securing Plaintiff and Class members' personal information; and

(e)     whether Plaintiff and Class members are entitled to damages, declaratory and/or injunctive relief.

37. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class. Among other things, Plaintiff and Class members provided personal information that was stored on Defendant's systems because they are users of Yahoo's services. In addition, Plaintiff's claims are typical of Class members' claims as each arises from the same data breach and the same alleged reckless conduct on the part of Yahoo in handling the Class members' personal information.

38. **Adequacy**. Plaintiff will adequately represent the proposed Class members. He has retained counsel competent and experienced in class action and privacy litigation and intends to

1 │ pursue this action vigorously. Plaintiff has no interests contrary to or in conflict with the interests of
2 │ Class members.

3 │     39.     In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the
4 │ requirements for maintaining a class action under Rule 23(b)(3). Common questions of law and fact
5 │ predominate over any questions affecting only individual members and a class action is superior to
6 │ individual litigation. Plaintiff knows of no difficulty to be encountered in the management of this
7 │ action that would preclude its maintenance as a class action.

8 │ <div align="center">**COUNT I**</div>

9 │ <div align="center">**Gross Negligence**</div>

10 │     40.     Plaintiff incorporates the above allegations by reference.

11 │     41.     By maintaining their personal information in a database that was accessible through
12 │ the Internet, Yahoo owed Plaintiff and Class members a duty of care to employ reasonable Internet
13 │ security measures to protect this information.

14 │     42.     Defendant, with reckless disregard for the safety and security of users' personal
15 │ information it was entrusted with, breached the duty of care owed to Plaintiff and the Class by
16 │ failing to implement reasonable security measures to protect its users' sensitive personal
17 │ information. In failing to employ these basic and well-known Internet security measures, Yahoo
18 │ departed from the reasonable standard of care and violated its duty to protect Plaintiff's and Class
19 │ members' personal information. Defendant further breached its duty of care by allowing the breach
20 │ to continue undetected and unimpeded for nearly two years after the hackers first gained access to
21 │ Defendant's systems.

22 │     43.     The unauthorized access to Plaintiff's and Class members' personal information was
23 │ reasonably foreseeable to Yahoo, particularly considering that the method of access is widely known
24 │ in the computer and data security industry, and that it has long been standard practice in the Internet
25 │ technology sector to encrypt personal information, including critical login credentials.

26 │     44.     Neither Plaintiff nor other Class members contributed to the security breach or
27 │ Yahoo's employment of insufficient security measures to safeguard personal information.

28 │

45.     As a direct and proximate cause of Yahoo's reckless conduct, Plaintiff and Class members suffered injury through the public disclosure of their personal information, the unauthorized access to Internet accounts containing additional personal information, and through the heightened risk of unauthorized persons stealing additional personal information. Plaintiff and Class members have also incurred the cost of taking measures to identify and safeguard accounts put at risk by disclosure of the personal information stolen from Yahoo, including placing a security freeze on their credit file.

## COUNT II

### Bailment

46.     Plaintiff incorporates the above allegations by reference.

47.     Plaintiff and members of the Class delivered their personal information to Yahoo for the exclusive purpose of creating a Yahoo account.

48.     In delivering their personal and financial information to Yahoo, Plaintiff and Class members intended and understood that Yahoo would adequately safeguard their personal information.

49.     Yahoo accepted possession of Plaintiff's and Class members' personal information for the purpose of creating a Yahoo user account.

50.     By accepting possession of Plaintiff's and Class members' personal information, Yahoo understood that Plaintiff and Class members expected Yahoo to adequately safeguard their personal information. Accordingly, a bailment (or deposit) was established for the mutual benefit of the parties.

51.     During the bailment (or deposit), Yahoo owed a duty to Plaintiff and Class members to exercise reasonable care, diligence and prudence in protecting their personal information.

52.     Yahoo breached its duty of care by failing to take appropriate measures to safeguard and protect Plaintiff's and Class members' personal information, resulting in the unlawful and unauthorized access to and misuse of their personal information.

1      53.    Yahoo further breached its duty to safeguard Plaintiff's and Class members' personal

2  information by failing to timely and accurately notify them that their information had been

3  compromised as a result of the Yahoo data breach.

4      54.    As a direct and proximate result of Yahoo's breach of its duty, Plaintiff and Class

5  members suffered consequential damages that were reasonably foreseeable to Yahoo, including but

6  not limited to the damages set forth herein.

7      55.    As a direct and proximate result of Yahoo's breach of its duty, the personal

8  information of Plaintiff and Class members entrusted to Yahoo during the bailment (or deposit) was

9  damaged and its value diminished.

10                          **COUNT III**

11                         **Declaratory Relief**

12      56.    Plaintiff incorporates the above allegations by reference.

13      57.    There is an active case and controversy among Plaintiff on the one hand, and Yahoo

14  on the other.

15      58.    Pursuant to 28 U.S.C. §2201, Plaintiff seeks a declaration as to the following:

16          (a)    That, to the extent Plaintiff's claims herein are covered by Yahoo's Terms of

17  Service, Section 20 of Yahoo's Terms of Service, purporting to limit Yahoo's liability for, *inter alia*,

18  "unauthorized access to . . . your data," is unenforceable because it is against public policy and both

19  procedurally and substantive unconscionable; and

20          (b)    That, to the extent Plaintiff's claims herein are covered by Yahoo's Terms of

21  Service, Section 20 of Yahoo's Terms of Service is unenforceable because and violates Cal. Civ.

22  Code §1668 and/or Cal. Commercial Code §2719.

23      59.    Plaintiff is in doubt as to whether Yahoo's Terms of Service apply to his claims and

24  whether, if so, the limitation of liability clause therein is lawful and enforceable under California

25  law.

26      60.    There is a bona fide dispute between the parties hereto, and Plaintiff has and does

27  raise justiciable issues as to the existence or non-existence of his rights, powers, obligations, and

28

1 | legal relations with Yahoo by virtue of the Terms of Service, this complaint, and the applicable
2 | statutes and rules of this state.

3 |      61.    Plaintiff is in doubt as to his rights, powers, obligations, and legal relations and there
4 | is an actual and present need for a declaratory judgment as to the issues set forth herein.

5 | <center>**PRAYER FOR RELIEF**</center>

6 |      WHEREFORE, Plaintiff Ronald Schwartz, on behalf of himself and the Class, respectfully
7 | requests that this Court enter an Order:

8 |      A.    Certifying this case as a class action on behalf of the Class defined above, appointing
9 | Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

10 |      B.    Awarding damages to Plaintiff and Class members in an amount to be determined at
11 | trial;

12 |      C.    Awarding injunctive and other equitable relief as is necessary to protect the interests
13 | of the Class;

14 |      D.    Declaring unenforceable Section 20 of Yahoo's Terms of Service;

15 |      E.    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys'
16 | fees;

17 |      F.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent
18 | allowable; and

19 |      G.    Awarding such other and further relief as equity and justice may require.

20 | <center>**JURY TRIAL**</center>

21 |      Plaintiff demands a trial by jury for all issues so triable.

22 | DATED: September 23, 2016         ROBBINS GELLER RUDMAN
                   & DOWD LLP
23 |                    SHAWN A. WILLIAMS

24 |

25 |                                   _s/ Shawn A. Williams_
                   SHAWN A. WILLIAMS
26 |
27 |
28 |

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
STUART A. DAVIDSON
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

LABATON SUCHAROW LLP
JOEL H. BERNSTEIN
CORBAN S. RHODES
ROSS M. KAMHI
140 Broadway, 34th Floor
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)

*Attorneys for Plaintiff Ronald Schwartz*